IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-85290 |
| | ) | A06-8006 |
| CHARLES ROBERT WELSHIEMER and | ) | |
| DELORES E. WELSHIEMER, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES ROBERT WELSHIEMER and | ) | |
| DELORES E. WELSHIEMER, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on November 21, 2006, regarding Filing No. 27, Motion to Compel, filed by U.S. Bank National Association, and Filing No. 38, Resistance, filed by the debtors. Brandon Tomjack appeared for U.S. Bank National Association, and Howard T. Duncan appeared for Charles Robert Welshiemer and Delores E. Welshiemer.

This adversary proceeding concerns a request by plaintiff for a determination that the obligation of the debtors to it, represented by a state court judgment in excess of $3,000,000, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) for actual fraud. In addition, Count II of the complaint requests a determination that the debtors should be denied a discharge for concealment and/or failure to disclose financial information pursuant to 11 U.S.C. § 727(a).

During the course of the adversary proceeding, plaintiff has requested specific information and documents from the defendants. The discovery request included copies of tax returns from the year 2000 through the year 2005 for the individual debtors, and copies of tax returns for their affiliated corporations or limited liability companies. Also requested was the supporting documentation for the preparation of the tax returns. In addition, numerous other documents concerning the assets and liabilities of the individual debtors and their related entities were requested.

Debtors did not initially respond to the request for production of documents and the court, after an initial motion to compel was filed, ordered the production of the documents and assessed attorney fees against the debtors for their failure to comply. The attorney fees were paid and eventually copies of the individual tax returns were provided, along with other documentary materials. However, the tax returns for the related entities were not supplied.

After debtors filed with the court a document in which they suggested they had fully

complied with the discovery requests, plaintiff responded that there had not been full compliance. A hearing was scheduled and at the hearing, counsel for the plaintiff argued that the failure to provide the documents on a timely basis should be sanctioned by the entry of a judgment of non-dischargeability of the state court monetary judgment and a denial of discharge. In response, counsel for the debtors suggested that debtors/defendants had attempted to provide all of the information requested, and they would continue to do so, even though the related entities had not previously filed tax returns. Counsel suggested that the information which should have been contained in an entity tax return was actually included in the individual tax returns.

Although it does not appear that the debtors took seriously the initial requests for production of documents, nor did they comply with this court's order requiring them to provide the documents, the sanction requested by plaintiff is too onerous. The debtors, although belatedly, have provided most of the information requested by the plaintiff. If the related entities have not filed tax returns, there is no way the debtors can provide copies of such tax returns as requested by the plaintiff. Counsel for the debtors has promised that the entity tax returns will be prepared and provided to the government and to the plaintiff within a reasonable amount of time. The debtors will be given an opportunity to comply with the requirements of the request for production.

IT IS ORDERED that the motion to compel and the related request for serious sanctions (Fil. #27) is deferred. The debtors are granted until January 18, 2007, to prepare, file, and provide copies to the plaintiff, all entity tax returns which are required to be filed by the Internal Revenue Code or the state tax statutes. The debtors are warned that failure to comply may result in the exact sanctions requested by the plaintiff.

DATED this 5th day of December, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
\*Brandon R. Tomjack
Howard T. Duncan
United States Trustee

\*Movant is responsible for giving notice of this order to other parties if required by rule or statute.